UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

| | |
|---|---|
| BERNARD FIDEL, et al., On Behalf of Themselves and All Others Similarly Situated, | Civil Action No. 1:00CV-48-M (Consolidated) |
| Plaintiffs, | CLASS ACTION |
| vs. | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| WILLIAM FARLEY, et al., | |
| Defendants. | |

This matter came before the Honorable Joseph H. McKinley, Jr., United States District Judge for hearing pursuant to the Order of the Court, dated December 16, 2005, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of December 14, 2005 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that the contributions to the Settlement Fund are fair and that said settlement is, in all respects, fair, just, reasonable and adequate to the Class.

4. Except as to any individual claim of those Persons (identified on Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulation) the Litigation against the Defendants.

5. The Court finds that the Stipulation and settlement are fair, just, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. Upon the Effective Date hereof, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release.

7. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Class Members and counsel to the Lead Plaintiffs from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies finally a Class of all Persons who purchased Fruit Class A common stock at any time during the period beginning September 28, 1998 through November 4, 1999. Excluded from the Class are Defendants, members of the immediate families of the Defendants, any entity in which any Defendant has or had a controlling interest, current or former directors and officers of Fruit, and the legal representatives, heirs, successors, or assigns of any such excluded Person.

9. With respect to the Class, this Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

10. The Notice of Pendency and Settlement of Class Action ("Notice") provided to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such

notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

11. Any court order regarding the Plan of Allocation or the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. This Court has conducted no hearing on the merits of the plaintiffs' claims and has made no findings or adjudications of wrongdoing or liability against any of the Defendants. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and expenses (including fees and costs of experts and/or consultants) in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

- 4 -

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

Copies to: Counsel of record

JAN 2

sir:
I wish to be excluded frome  the class of litigatic

referencE ( BERNARD FIDEL, ey al., v. WILLIAM FARLE
al., Civil Action No. 1:00 CV48M (Consolidated)

name- HAROLD P. HOUSER
       501 N. CAMDEN DR.
       FORT WAYNE, IN. 46825
       260 471 3383.

owner
street
name- CHARLES SCHWAB
       101 MONTGOMERY STREET
       SAN FRANCISCO CALIFORNIA 94104
       1 800 435 4ooo www.schwab.com

No. shares:
       200 Fruit of the loom CL A   symbol FTL

       purchase 10-16-98 13.1875, sold, 12-08-98 16.
                         2,710.91                  3,1.

---------                Thank You    *Harold P. Houser* (signature)

# Exhibit 1